IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSLYN G., | : | CIVIL ACTION |
|     Plaintiff | : | |
| v. | : | |
| | : | |
| FRANK BISIGNANO,[1] | : | |
| Commissioner of the Social | : | |
| Security Administration, | : | |
|     Defendant | : | NO. 24-6409 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                    June 16, 2025

    Roslyn G. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Plaintiff has filed a brief in support of her request for review, the Commissioner has responded to it and Plaintiff has filed a reply. For the reasons set forth below, Plaintiff's request for review is granted.

    **I.**    **PROCEDURAL HISTORY**[2]

    On June 7, 2022, Plaintiff applied for DIB, alleging that her disability commenced on December 29, 2021. R. 10. The claim was denied initially and upon reconsideration; therefore, Plaintiff requested a hearing. *Id.* On August 1, 2023, Plaintiff's telephonic hearing was conducted by Philip Healey, Administrative Law Judge ("the ALJ"); Plaintiff, represented by her previous

---

[1] Frank Bisignano became the Commissioner of Social Security, on May 6, 2025. Pursuant to Rule 25(d)(a) of the Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this case. No further action need be taken to continue this action, pursuant to section 205 of the Social Security Act. 42 U.S.C. § 405(g).
[2] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record. ("R.").

attorney, and Christina Beatty-Cody, a vocational expert, ("the VE") testified at the hearing. *Id.* On November 1, 2023, the ALJ, using the sequential evaluation process ("SEP") for disability,[3] issued an unfavorable decision. R. 10-25. The Social Security Administration's Appeals Council denied Plaintiff's request for review, on August 5, 2024, making the ALJ's findings the final determination of the Commissioner. R. 1-3. Plaintiff presently seeks judicial review, and the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.     FACTUAL BACKGROUND

A.     <u>Personal History</u>

Plaintiff, born on August 17, 1969, R. 23, was 55 years old on the date of the ALJ's decision. She has a high school education and last worked on December 29, 2021. R. 92-93. Plaintiff resides with her husband. R. 100.

B.     <u>Plaintiff's Testimony</u>

At the August 1, 2023 administrative hearing, Plaintiff testified about her limitations. R. 90-101. Since a workplace injury, she has experienced ongoing pain in her back, hips, knee and

---

[3] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 404.1520(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 404.1520(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 404.1520(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 404.1520(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, he is or is not disabled. *See* 20 C.F.R. § 404.1520(g).

left wrist. R. 93. Plaintiff has undertaken physical and occupational therapy, and pain injections; she takes numerous pain medications in an effort to resume the ability to work. R. 94-95. The doctor treating her wrist injury has told her there is a 50% chance she will need future surgery. R. 94. Despite these treatment modalities, Plaintiff suffers pain daily. R. 95.

Plaintiff stated that she could walk approximately 35-40 steps before needing to rest. R. 95. She can stand "not too long," and sit for approximately 15 minutes before needing to adjust her position. R. 96. Plaintiff has poor balance, having fallen three times in the last two months; as a result, she uses a cane to provide stability when leaving her home. R. 96-97.

Plaintiff is able to lift four to six pounds but cannot carry significant weight, because she drops objects due to her injured wrist. R. 97-98. She is unable to fasten buttons or zippers. R. 97-98. Plaintiff can bathe herself, using shower bars to prevent falling. R. 99. She performs no household chores. R. 100.

Plaintiff stated she could not work, because she was unable to bend, kneel, walk, feel her feet, sit, or type. R. 101. In short, she can longer perform any of the work tasks she could previously. R. 101.

C.  <u>Vocational Testimony</u>

The VE testified that Plaintiff's past work as a janitor was listed as medium[4] in the Dictionary of Occupational Titles ("DOT") and performed by Plaintiff at the heavy[5] level of exertion. R. 102. The ALJ asked the VE to consider a person having Plaintiff's age, education and work experience, capable of performing light[6] work with the additional limitations of: never

---

[4] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).
[5] "Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds." 20 C.F.R. § 404.1567(d).
[6] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg

able to climb ladders, ropes or scaffolds; frequently able to balance; occasionally able to climb ramps, stairs; occasionally able to stoop and crouch; never able to kneel or crawl; frequently able to handle, finger and feel with the bilateral upper extremities; occasionally able to push and pull, and use right foot controls; able to understand, remember and carry out simple and routine tasks and instructions; unable to work around moving machinery or at unprotected heights; unable to work with production quotas or at an assembly line pace. R. 102-03. The VE opined that this person could not perform Plaintiff's past work but could perform three alternative jobs: (1) office helper, 16,700 positions in the national economy; (2) router, 25,100 positions in the national economy; and (3) collator operator, 33,100 positions in the national economy. R. 103. Next, considering the same person but limited to occasional balancing, the VE opined that the individual could perform the same jobs in the same number. R. 103. However, if the same person had the additional limitation of needing a cane to walk more than 20 feet, she could not perform any work. R. 103.

Plaintiff's attorney asked the VE to identify the proper exertional level for a person who could sit for eight hours a day but only stand and walk for three hours. R. 104. The VE testified that these limitations were consistent with sedentary[7] work, because light work required the ability to stand and walk for four hours per workday. R. 104. Next, if a person could perform light work with the additional limitation of only being able to occasionally finger and handle with the non-dominant upper extremity, she could still perform the three identified jobs but fewer numbers of each would be available. R. 104. The VE opined that either three absences per month or extra

---

controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

[7] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary to carry out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

4

breaks totaling an hour each workday would preclude all work. R. 104. Finally, the VE confirmed that her testimony was consistent with the DOT, except for areas it did not cover: the climbing of structures, the use of foot controls, production rate pace, assembly line pace, use of a cane, hand dominance, absences and breaks; her testimony in that regard was based upon her education and experience as a vocational counselor. R. 105.

### III.    THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

1. [Plaintiff] meets the insured status requirements of the Social Security Act through December 31, 2024.

2. [Plaintiff] has not engaged in substantial gainful activity since December 29, 2021, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. [Plaintiff] has the following severe impairments: right metacarpophalangeal joint sprains (index through small); left carpal tunnel syndrome; left de Quervain's tenosynovitis, degenerative disc disease in the lumbar and thoracic spine with radiculopathy; obesity; depression and anxiety (20 CFR 404.1520(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

5. After careful consideration of the entire record, I find that, through the date last insured [Plaintiff] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the following additional limitations: never climb ladders, ropes or scaffolds; occasionally balance; occasionally climb ramps and stairs; occasionally stoop and crouch; never kneel and crawl; frequent handling, fingering and feeling with the bilateral upper extremities; occasional pushing and pulling; occasional use of right foot controls; no work with dangerous moving machinery or unprotected heights; ability to understand, remember and carry out simple, routine tasks and instructions; and no work with production quotas or an assembly line pace.

      6.     [Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565).

      7.     [Plaintiff] was born on August 17, 1969, and was 52 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563).

      8.     [Plaintiff] has at least a high school education (20 CFR 404.1564).

      9.     Transferability of skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is "not disabled," whether [or not she] has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

     10.     Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [she] can perform (20 CFR 404.1569 and 404.1569a).

     11.     [Plaintiff] was not under a disability, as defined in the Social Security Act, from December 29, 2021, through the date of this decision (20 CFR 404.1520(g)).

R. 12-13, 16, 23-25.

## IV.   DISCUSSION

A.   <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103

(2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.        <u>Burden of Proof in Disability Proceedings</u>

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the

Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.      Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process ("SEP"), the ALJ determined that, although Plaintiff could not perform her past relevant work, she, nevertheless, could perform a limited range of light work, and hence, was not disabled. R. 10-25. Plaintiff disputes the ALJ's decision and argues that he reversibly erred because: (1) he rejected the opinions of consultative examiner James Goodyear, M.D.; (2) as a result, issued a defective residual functional capacity assessment ("RFC") and posed a defective hypothetical question to the VE; and (3) those errors aside, the VE identified jobs that Plaintiff could not perform, given the ALJ's RFC assessment. Pl. Br. at 4-15. The Commissioner counters that the ALJ properly reached his non-disability decision. Resp. at 1-13. This court finds that Plaintiff's first two arguments have merit; therefore, it need not address her third argument.

1.    <u>Dr. Goodyear's Opinions</u>

Plaintiff argues that the ALJ failed to apply properly the Commissioner's regulations when deciding that Dr. Goodyear's opinions, which would limit Plaintiff to sedentary, rather than light work, were not persuasive. Pet. Br. at 4-12. The court finds that claim valid.

The Commissioner's regulations provide that, when evaluating the persuasiveness of medical opinions, the ALJ must consider explicitly two factors: supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). Additional factors include the source's: relationship with the claimant, specialization, familiarity with other evidence in the record and knowledge of the disability program's policies and evidentiary requirements. 20 C.F.R. § 404.1520c(c)(3)-(5).

8

Supportability refers to the medical evidence and supporting explanations the source provides for his opinion. 20 C.F.R. § 404.1520c(c)(1). Consistency refers to the extent the source's opinion is consistent with the other medical and nonmedical evidence in the record. 20 C.F.R. § 404.1520c(c)(2). This articulation standard does not conflict with the enabling statute. *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 639 (3d Cir. 2024).

Dr. Goodyear conducted a consultative examination of Plaintiff on September 23, 2023. As relevant herein, Dr. Goodyear opined that, although Plaintiff could sit for eights hours each workday, she could only stand and walk for up to three hours. R. 908. The VE opined that this limitation would preclude light work and limit an individual to sedentary work. R. 104. This is significant, because, in response to the ALJ's hypothetical questions, the VE only identified light jobs. R. 102-03.

The ALJ conceded that Dr. Goodyear's examination findings provided adequate support for his opinions. R. 22. Despite this concession, the ALJ stated that Dr. Goodyear's opinions were not persuasive because, *inter alia*, they were inconsistent with Dr. Goodyear's own findings. R. 22.

The ALJ's explanation is internally inconsistent. On the one hand, the ALJ finds that Dr. Goodyear's opinions are supported by his examination findings. Yet, he finds the doctor's opinions to be inconsistent with his own examination findings. Both statements cannot be correct. Furthermore, the ALJ failed to consider explicitly Dr. Goodyear's opinion that Plaintiff could only stand or walk for up to three hours. As noted above, the VE opined that this limitation would preclude light work. R. 104. All the hypothetical questions the ALJ posed (and his assessment of Plaintiff's RFC) were based upon Plaintiff's ability to perform light work. This case is remanded so that the ALJ can explain why, despite being supported by his examination findings, Dr.

Goodyear's opinion that Plaintiff can only stand or walk for three hours in the workday is so undermined by other evidence in the record that it is not persuasive.

    2.  <u>Hypothetical Question and RFC</u>

Plaintiff argues that the ALJ's hypothetical questions and RFC assessment are flawed because they failed to include Dr. Goodyear's opinions. Pl. Br. at 12-13. This argument is dependent upon Plaintiff's first argument, which the court has found meritorious. Since the ALJ did not properly find that Plaintiff can perform light work, his non-disability decision lacks substantial evidence. Therefore, upon remand, unless the ALJ can credibly reject Dr. Goodyear's opinion that Plaintiff can only perform sedentary work, he must re-assess Plaintiff's RFC to be restricted to sedentary work and pose hypothetical question(s) to the VE that properly account for Plaintiff's limitations.

An implementing order and order of judgment follow.